**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

| | | |
|---|---|---|
| **Jason Haley, Preston Herrington, and Taylor Logsdon, individually and on behalf of all others similarly situated,** | § | |
| *Plaintiffs,* | § | Civil Action No. 3:26-cv-00148-DMB-RP |
| **v.** | § | |
| **X.AI Corp., Space Exploration Technologies Corp., and MZX Tech LLC,** | § | |
| *Defendants.* | § | |

**X.AI CORP. AND MZX TECH LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS**


Daniel W. Van Horn (MS Bar No. 102105)
BUTLER SNOW LLP
6075 Poplar Ave., Suite 500
Memphis, TN 38187
(901) 680-7331
danny.vanhorn@butlersnow.com

P. Ryan Beckett (MS Bar No. 99524)
Keri E. Herrington (MS Bar No. 106815)
BUTLER SNOW LLP
1020 Highland Colony Pkwy., Suite 1400
Ridgeland, MS 39157
(601) 985-4557
(601) 985-4694
ryan.beckett@butlersnow.com
keri.herrington@butlersnow.com

Rachel L. Daley*
Austin J. Lesch*
KIRKLAND & ELLIS LLP
401 W. 4th Street, Suite 400
Austin, TX 78701
(512) 678-9050
(512) 678-9101
rachel.daley@kirkland.com
austin.lesch@kirkland.com

*Attorneys for X.AI Corp. and MZX Tech LLC*
**Pro Hac Vice*

K. Winn Allen, P.C.*
Grace C. Brier*
Megan McGlynn Butler*
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 389-5000
(202) 389-5200
winn.allen@kirkland.com
grace.brier@kirkland.com
megan.butler@kirkland.com

Jeremy A. Fielding, P.C.*
Michael Kalis*
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, Texas 75205
(214) 972-1770
(214) 972-1771
jeremy.fielding@kirkland.com
michael.kalis@kirkland.com

J. Matthew Rice*
KIRKLAND & ELLIS LLP
150 3rd Avenue South, Suite 1220
Nashville, Tennessee 37201
(629) 222-0165
(629) 222-0101
matthew.rice@kirkland.com

## TABLE OF CONTENTS

**Page**

INTRODUCTION .......... 1

ARGUMENT .......... 2

I. The Complaint Fails to State a Claim for Negligence Per Se. .......... 2

II. The Complaint Fails to State a Claim for Public Nuisance. .......... 8

III. The Complaint Fails to State a Claim for Negligent Infliction of Emotional Distress. .......... 10

CONCLUSION .......... 11

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Adams v. Adient US LLC*,
2022 WL 4131768 (W.D. Tenn. Sept. 12, 2022) .......... 2, 3, 8, 9

*Andrews v. Enpro Indus.*,
2025 WL 837324 (N.D. Miss. Mar. 17, 2025) .......... 1, 8

*Boyer v. Tenn Tom Constructors*,
702 F.2d 609 (5th Cir. 1983) .......... 5

*Bush v. Clean Harbors Colfax LLC*,
2024 WL 4518350 (W.D. La. Aug. 5, 2024) .......... 9

*Coleman v. Danek Med., Inc.*,
43 F. Supp. 2d 629 (S.D. Miss. 1998) .......... 1, 6

*Concerned Citizens of Forest Hills, Inc. v. West Side Tennis Club*,
250 A.D.3d 879 (N.Y. App. Div. 2026) .......... 9

*Cretcher v. U.S. Bank N.A.*,
2021 WL 1062057 (E.D.N.Y. Mar. 19, 2021) .......... 6, 7

*Doe v. State*,
859 So. 2d 350 (Miss. 2003) .......... 6

*Est. of Pemberton v. John's Sports Ctr., Inc.*,
135 P.3d 174 (Kan. Ct. App. 2006) .......... 5

*FS Credit Opportunities Corp. v. Saba Cap. Master Fund, Ltd.*,
608 U.S. 608 (2026) .......... 4

*Hollingsworth v. Hercules, Inc.*,
2016 WL 7409130 (S.D. Miss. Dec. 22, 2016) .......... 3, 7

*Hoover v. Durkee*,
212 A.D.2d 839 (N.Y. App. Div. 1995) .......... 10

*Isgett v. Wal-Mart Stores, Inc.*,
976 F. Supp. 422 (S.D. Miss. 1997) .......... 3

*Jones v. Gammage*,
2023 WL 1453154 (N.D. Miss. Feb. 1, 2023) .......... 5

*Miller v. E.I. Du Pont de Nemours & Co.*,
880 F. Supp. 474 (S.D. Miss. 1994)....................2, 3

*Obad v. Dep't of State*,
2024 WL 412758 (S.D. Miss. Jan 17, 2024) ....................11

*Otto v. Specialties, Inc.*,
386 F. Supp. 1240 (N.D. Miss. 1974)....................4

*People v. Rubenfeld*,
254 N.Y. 245 (N.Y. App. Div. 1930) ....................10

*Raymaker v. Am. Fam. Mut. Ins.*,
718 N.W.2d 154 (Wis. Ct. App. 2006) ....................5

*Williams ex. rel. Raymond v. Wal-Mart Stores E., L.P.*,
99 So. 3d 112 (Miss. 2012)....................5

*Rig Masters, Inc. v. Colenberg*.
434 So. 3d 255 (Miss. 2026)....................8

*Simpson v. Boyd*,
880 So. 2d 1047 (Miss. 2004)....................5

*Simpson v. Cal. Pizza Kitchen, Inc.*,
989 F. Supp. 2d 1015 (S.D. Cal. 2013)....................9

*Sommer v. Ohio Department of Transportation*,
2014 WL 7274100 (Ohio Ct. App. Dec. 23, 2014)....................9

*State v. Waterloo Stock Car Raceway*,
96 Misc.2d 350 (N.Y. App. Div. 1978) ....................10

*Stong v. Freeman Truck Line, Inc.*,
456 So. 2d 698 (Miss. 1984)....................6

*Sumrall v. Miss. Power Co.*,
693 So. 2d 359 (Miss. 1997)....................6

*Taylor v. Delta Reg'l Med. Ctr.*,
186 So. 3d 384 (Miss. Ct. App. 2016) ....................1, 5, 6

*Town of Pleasant v. Van Tassell*,
7 Misc.2d 643 (N.Y. App. Div. 1957) ....................10

*Wheeler v. Lebanon Valley Auto Racing Corp.*,
303 A.D.2d 791 (N.Y. App. Div. 2003) ....................8, 9, 10

*Zyla Life Scis, LLC v. Wells Pharma of Hou., LLC*,
134 F.4th 326 (5th Cir. 2025) ....................................................................................4

**Statutes**

Southaven, Miss., Code tit. X, ch. 2. ......................................................................2, 4, 6, 7

Southaven, Miss., Code tit. X, ch. 4 ............................................................................................7

**Other Authorities**

Restatement (Second) of Torts § 288(b) (1965) ...........................................................7, 8

Restatement (Second) of Torts § 821C (1979) ...............................................................10

## INTRODUCTION

The Court should dismiss Plaintiffs' claims for negligence per se (Count IV), public nuisance (Count II), and negligent infliction of emotional distress (Count V). Plaintiffs *do not oppose dismissal* of the negligent infliction of emotional distress claim. And to save their other two claims, they press sweeping legal theories that would reshape Mississippi law by replacing government-driven regulatory enforcement with expansive private tort liability.

For negligence per se, Plaintiffs contend (at 10) that any "ordinance or statute" from any level of government can "furnish the standard of care" for negligence and establish per se liability. That is not the law. Mississippi courts recognize that many statutes, ordinances, and regulations "are not a source of tort law to be invoked by private litigants"—especially when, as here, "there is no argument or indication that the Legislature intended to create a private right of action." *Taylor v. Delta Reg'l Med. Ctr.*, 186 So. 3d 384, 391 (Miss. Ct. App. 2016) (quotations omitted); *see Coleman v. Danek Med., Inc.*, 43 F. Supp. 2d 629, 633 n. 2 (S.D. Miss. 1998). The handful of cases that Plaintiffs cite did not confront these issues, let alone authorize courts to convert every last rule or regulation into a source of per se tort liability. The Southaven Code forecloses private enforcement of noise ordinances, so the negligence per se claim must be dismissed.

For public nuisance, Plaintiffs contend that any alleged infringement of a private right constitutes a "special injury" that enables a private party to assert public nuisance. Again, that is not the law. To allege a special injury, Plaintiffs must plead an injury that is "different in kind, rather than in degree, than that suffered by the public at large." *Andrews v. Enpro Indus.*, 2025 WL 837324, at *10 (N.D. Miss. Mar. 17, 2025). A formulaic recitation of that requirement and handwaving at private rights will not do. Nor can Plaintiffs downplay the scores of cases holding that generalized objections to noise cannot support a public nuisance claim by private parties.

The Court should grant the motion and dismiss Counts II, IV, and V with prejudice.

## ARGUMENT

### I. The Complaint Fails to State a Claim for Negligence Per Se.

Plaintiffs' negligence per se claim fails as a matter of law, because the Southaven Municipal Code forecloses private enforcement of its noise ordinances. Numerous Mississippi cases have recognized that when the legislature "did not intend to create a private right of action," an "alleged violation of that statute by [the] defendant cannot provide a basis for a negligence per se claim." *Miller v. E.I. Du Pont de Nemours & Co.*, 880 F. Supp. 474, 480 (S.D. Miss. 1994); *see* Dkt. No. 53 ("xAI Mem.") at 5-7. And Chapter 2 of the Southaven Municipal Code evinces no express or implicit intent to authorize private enforcement through negligence per se, instead dictating that government officials—not private parties—will enforce those ordinances. xAI Mem. at 7-9. Accordingly, Chapter 2 cannot form the basis of a negligence per se action, and Plaintiffs' fourth cause of action must be dismissed. *Id.* at 5-9.

In their opposition, Plaintiffs acknowledge that courts "declin[e] to allow negligence per se claim[s]" when a legislative body "rejected allowing a private right of action," "opted not to provide [a] private action for money damages," or when doing so "would achieve an end run" around legislative purpose. Dkt. No. 69 ("Opp.") at 12. They further concede that "the Code at issue here ... d[oes] not provide a private right of action and expressly provide[s] for governmental enforcement," that "the Southaven Chief of Police is responsible for [the] enforcement" of Chapter 2's noise ordinances, and that Plaintiffs cannot step "into the shoes of the Chief of Police" or "seek to enforce the ordinance through this lawsuit." Opp. at 11, 13. And Plaintiffs' own authority agrees that "[i]f any violation of [any] statute[] could lead to a negligence *per se* theory by a private party, the burden on the judiciary would be massive and could potentially interfere with government enforcement." *Adams v. Adient US LLC*, 2022 WL 4131768, at *6 (W.D. Tenn. Sept.

12, 2022).[1] So Plaintiffs do not rebut—in fact, they at times seem to concede—the core premises of xAI's argument.

Instead, Plaintiffs strawman xAI's theory by contending that they do not need to show a "private right of action" under the Code because they already have "a private remedy" under "negligence law." Opp. at 13. But xAI is not arguing that Plaintiffs lack a cause of action to invoke; it's arguing that Plaintiffs cannot use the Code to set the "standard establishing the duty and breach elements of Plaintiffs' common-law negligence claim" absent legislative intent to allow private enforcement. *Compare* Opp. at 9-14 *with* xAI Mem. at 5-9. Numerous Mississippi cases recognize this rule and hold that "Plaintiffs can not use the theory of negligence per se to bootstrap a private cause of action for damages" when the statute lacks a private right of action or is otherwise inconsistent with private claims. *See, e.g.*, *Hollingsworth v. Hercules, Inc.*, 2016 WL 7409130, at *5 (S.D. Miss. Dec. 22, 2016); *Isgett v. Wal-Mart Stores, Inc.*, 976 F. Supp. 422, 430 (S.D. Miss. 1997); *Miller*, 880 F. Supp. at 480.

Nor can Plaintiffs distinguish these precedents by claiming they "are not circumventing a Congressional intent to disallow private rights of action, but rather, using a municipal ordinance to inform the negligence per se duty and breach requirements." Opp. at 12 (cleaned up). Courts in Mississippi have rejected that very argument. In *Miller*, just like here, the "plaintiffs assert[ed] that they ha[d] not attempted to allege a cause of action under [a federal statute], but rather ha[d] premised their charge of negligence per se on defendant's violation" of the law. 880 F. Supp. at 479. But the court "consider[ed] whether to recognize negligence per se" by determining whether

[1] Plaintiffs' nuisance arguments cite *Adams*. Opp. at 18. In *Adams*, the court dismissed negligence per se claims because, *inter alia*, the statutes lacked "a private cause of action" and "allow[ed] for government enforcement of a complex regulatory scheme." 2022 WL 4131768, at *5-*6. The court concluded that "allowing private enforcement through actions for damages under the majority of the Tennessee environmental code seems outside of what the legislature intended." *Id.*

"the legislature intended to create a private right of action." *Id.* at 480 (discussing "broad environmental and public health statutes"). And "since Congress did not intend to create a private right of action under [the federal statute], then any alleged violation of that statute by defendant cannot provide a basis for a negligence per se claim." *Id.*

More fundamentally, Plaintiffs' negligence per se claim *does* "circumvent[] a [legislative] intent to disallow private rights of action." Opp. at 12. As explained in xAI's motion to dismiss, xAI Mem. at 7-8, Chapter 2 makes plain that "[t]he enforcement of this chapter shall be the responsibility of the chief of police or his designee"—not private litigants. Southaven, Miss., Code tit. X, ch. 2., art. IV § 10-141. Chapter 2 makes the Police Chief "responsible for" all enforcement-related actions, including "training field inspectors," "coordinating the noise control program with other governmental agencies," and granting or revoking "special condition permits." *Id.* §§ 10-141, 10-143, 10-146. Southaven's "decision to create a comprehensive agency enforcement scheme supports the conclusion that private parties generally cannot enforce" Chapter 2. *FS Credit Opportunities Corp. v. Saba Cap. Master Fund, Ltd.*, 608 U.S. 608, 617 (2026).

Plaintiffs half-heartedly gesture at a difference between cases involving the violation of a state law versus a "federal law." Opp. at 12. But "[m]ost courts ... find no distinction between state and federal law in applying the doctrine of negligence per se." *Zyla Life Scis, LLC v. Wells Pharma of Hou., LLC*, 134 F.4th 326, 335 (5th Cir. 2025). Whether the underlying statute is a federal, state, or local law, "before the judiciary undertakes to supplement legislatively designed sanctions [through negligence per se or implied rights of action] it should first inquire whether any supplementation was foreseen or is needed." *Otto v. Specialties, Inc.*, 386 F. Supp. 1240, 1245 (N.D. Miss. 1974). Courts analyzing negligence per se claims predicated on the violation of state statutes, just like those analyzing federal statutes, look for "some expression of legislative intent

that the statute become a basis for the imposition of civil liability." *Raymaker v. Am. Fam. Mut. Ins.*, 718 N.W.2d 154, 159 (Wis. Ct. App. 2006) (quotation omitted); *see Taylor*, 186 So. 3d at 390. The problem for Plaintiffs is that there is no such intent here. *Supra* 3-4; xAI Mem. at 7-8.

Plaintiffs contend (at 9-12) that Mississippi law is just different and, in doing so, effectively argue that *any* ordinance, regulation, rule, or statute can set the standard of care that gives rise to per se negligence liability. They insist that the Mississippi Supreme Court has "not treat[ed] the existence of a private right of action under [an] ordinance as a prerequisite to [a negligence per se] claim" in *Simpson v. Boyd*, 880 So. 2d 1047 (Miss. 2004), and other cases. Opp. at 10. But *Simpson* did not even address whether a private right of action existed under the statute, much less hold that courts can ignore when statutes are incompatible with private enforcement. And the same is true for the other cases that Plaintiffs cite.[2] Plaintiffs cannot craft a rule of law based on issues that lurked in the record and were not confronted by the decisions they cite.

When Mississippi Courts *do* confront the issue, they appropriately consider whether the legislature intended private enforcement. For example, in *Taylor v. Delta Regional Medical Center*, the court noted there was "no argument or indication that the Legislature intended to create a private right of action to enforce the trauma care system regulations" and, as here, "the relevant

[2] *See Boyer v. Tenn Tom Constructors*, 702 F.2d 609 (5th Cir. 1983) (Opp. at 11); *Williams ex. rel. Raymond v. Wal-Mart Stores E., L.P.*, 99 So. 3d 112 (Miss. 2012) (Opp. at 11); *Jones v. Gammage*, 2023 WL 1453154 (N.D. Miss. Feb. 1, 2023) (Opp. at 11-12). In fact, the concurring opinion in *Williams* makes plain that Plaintiffs err in reading the decision to authorize negligence per se claims premised on laws "only the government can enforce." *See* Opp. at 11; *Williams*, 99 So. 3d at 121-22. The separate writing (*joined by every Justice in the majority*) noted the absence of a private right of action or "rights-creating language" in the statute at issue and suggested that it would be inappropriate to use negligence per se for a statute "aimed" at "protect[ing] … society in general." *Williams*, 99 So. 3d at 121-22 (quoting *Est. of Pemberton v. John's Sports Ctr., Inc.*, 135 P.3d 174, 181 (Kan. Ct. App. 2006)). If the court's majority actually supported Plaintiffs' sweeping proposition, then that discussion—and the joinder by all Justices in the majority—makes no sense.

regulatory agency" could "take appropriate corrective action" to enforce "compliance with the regulations." 186 So. 3d at 391. Accordingly, "[t]he regulations are not a source of tort law to be invoked by private litigants" and "a violation would not necessarily establish a breach of the applicable standard of care" for negligence. *Id.* (quotation omitted); *see also Coleman*, 43 F. Supp. 2d at 633 n.2 (collecting similar cases); *cf. Sumrall v. Miss. Power Co.*, 693 So. 2d 359, 366-67 (Miss. 1997).

As *Taylor* makes apparent, Plaintiffs overread *Stong v. Freeman Truck Line, Inc.*, 456 So. 2d 698 (Miss. 1984). *See* Opp. at 10. *Stong* permitted two statutes to "furnish the standard of care of a reasonable man" even in the absence of an "*express* private right[] of action." *Stong*, 456 So. 2d at 707 n.7 (emphasis added). That makes sense. Private enforcement is not limited to situations in which there is an "express" cause of action; courts also consider other indicia of private enforcement, including statutory structure, legislative history, or context. *Doe v. State*, 859 So. 2d 350, 355-56 (Miss. 2003); *cf. Cretcher v. U.S. Bank N.A.*, 2021 WL 1062057, at *3-4 (E.D.N.Y. Mar. 19, 2021) (analyzing "legislative history and statutory text" to determine "that negligence per se is not a viable theory of liability"). Moreover, *Stong* relied on specific statutory language "mak[ing] it clear" that "nothing" "shall be construed as to curtail or abridge the right of any person to prosecute a civil suit for damages by reason of injuries to person or property resulting from the negligent use of the highway by any motor vehicle, or its owner, or his employee or agent." 456 So. 2d at 707 n.7. So even though the statutes in *Stong* might have lacked *express* private rights of action, there was no question that they did not *foreclose* private enforcement, including in negligence suits.

In any event, this case is the opposite of *Stong*. Not only does Chapter 2 of the Southaven Municipal Code lack similar language as *Stong*, but the drafters of the Code went out of their way

to include rights-preserving language *elsewhere* in the Code. For example, Chapter 4 states: "This remedy is not an exclusive remedy available under any state or local laws and may be used in conjunction with such other laws." Southaven, Miss., Code tit. X, ch. 4. § 10-251. There is no such analogue in Chapter 2. This omission—combined with Chapter 2's comprehensive governmental enforcement scheme, discussed *supra*—reflects a specific intent to provide for governmental, not private, enforcement of Chapter 2's noise ordinances. xAI Mem. at 7-8. To borrow from the numerous Mississippi cases that have considered similar claims, "allowance of a negligence per se action based on violation of [Chapter 2] would contravene the clear legislative intent of the statute not to allow for damages based on violation of its provisions." *Hollingsworth*, 2016 WL 7409130, at *5; *see also Cretcher*, 2021 WL 1062057, at *3-4 (dismissing negligence per se claim where state statute provided for government enforcement and its "goal" was "to prevent blight, not to compensate individual homeowners" or "provide a private right of action.").

Finally, Plaintiffs downplay (at 14 n.6) the Second Restatement's recognition that courts "will not adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively to secure to individuals the enjoyment of rights or privileges to which they are entitled only as members of the public"—including "freedom from excessive noise." Restatement (Second) of Torts § 288(b) (1965); *id.* cmt. C. Plaintiffs claim this rule does not apply because they "seek freedom from excessive noise in their own homes and not just in public." Opp. at 14 n.6. Not only does this argument conflate rights "*of the* public" with rights exercised "*in* public," it also ignores the Restatement's comment, which explains that § 288(b) applies to statutes securing "freedom from excessive noise ... *in the community*," i.e., in a neighborhood. Restatement (Second) of Torts § 288(b) (1965), cmt. C (emphasis added). Plaintiffs' suggestion that the Second Restatement was

"superseded" ignores the reality that many States adhere to the Second, not the Third, Restatement. Opp. at 14 n.6. In fact, the Mississippi Supreme Court relied on the Second Restatement *three months ago* in *Rig Masters, Inc. v. Colenberg*. 434 So. 3d 255, 261-63 (Miss. 2026). And Plaintiffs' own opposition (at 18) cites a recent case that applied Restatement § 288(b) to reject a negligence per se claim. *See Adams*, 2022 WL 4131768, at *6.

Because the Code forecloses private enforcement of Southaven's noise ordinances, Plaintiffs' cause of action for negligence per se should be dismissed.

## II. The Complaint Fails to State a Claim for Public Nuisance.

Plaintiffs likewise fail to state a claim for public nuisance. To plead public nuisance, a private plaintiff must allege a "special injur[y]" that is "different in kind, rather than in degree, than that suffered by the public at large." *Andrews*, 2025 WL 837324, at *10-*11. The Complaint here fails to allege *facts* that satisfy that requirement, offering little more than a "formulaic recitation" of the element. xAI Mem. at 9-11. Nor do Plaintiffs' allegations distinguish this case from the numerous decisions across the country rejecting public nuisance claims. *Id.* at 11.

Plaintiffs' principal response is that they have "alleged a 'special injury'" simply by "alleging interference with their personal property rights." Opp. at 15 (emphasis omitted). Not so. Courts do not hold that the special-injury requirement is satisfied merely because "private property interests" are at stake. *Id.* at 17 (emphasis omitted). That is, Plaintiffs have not identified a single case—not one—that focuses solely on whether private rights are implicated. Instead, courts recognize that "interference with a plaintiff's enjoyment of the use of a particular property" is not "sufficient in and of itself." *Wheeler v. Lebanon Valley Auto Racing Corp.*, 303 A.D.2d 791, 793-94 (N.Y. App. Div. 2003). Plaintiffs must allege an "economic or other tangible injury to [their] properties," and the injury must be "unique." *Id.* That requirement—that plaintiffs must

allege a "unique economic or other tangible injury"—rules out "conclusory" assertions that "noise ha[s] reduced the unspecified values of [Plaintiffs'] homes." *Id.*

The problem here is one of pleading. Plaintiffs may well have suffered "unique and distinct property damage to their homes." *Adams*, 2022 WL 4131768, at *8. Indeed, at the class-certification stage, xAI will argue that each allegedly affected property requires an individualized assessment of the age, structure, location, and condition of the property. *See Bush v. Clean Harbors Colfax LLC*, 2024 WL 4518350, at *5 (W.D. La. Aug. 5, 2024). So xAI is not arguing that Plaintiffs *cannot allege* a unique injury; it is arguing that Plaintiffs have strategically *chosen not to allege* a unique injury. Opp. at 19 (forecasting desire to adjudicate claims "on a class-wide basis"). And they must bear the consequences of that choice. Plaintiffs should not be permitted to advance their public nuisance claim, while simultaneously refusing to allege or argue that they suffered a unique injury. *See Simpson v. Cal. Pizza Kitchen, Inc.*, 989 F. Supp. 2d 1015, 1025 n.6 (S.D. Cal. 2013).

The public-nuisance precedent further cuts against Plaintiffs' claim. Case after case concludes that a generalized objection to noise cannot support a public nuisance claim. xAI Mem. at 11. While Plaintiffs quibble with the examples identified by xAI, *see* Opp. at 19-21, others exist, *see, e.g.*, *Sommer v. Ohio Department of Transportation*, 2014 WL 7274100, at *7-*8 (Ohio Ct. App. Dec. 23, 2014); *Concerned Citizens of Forest Hills, Inc. v. West Side Tennis Club*, 250 A.D.3d 879, 880, 882 (N.Y. App. Div. 2026).

In any event, Plaintiffs' attempts to distinguish xAI's cited cases fail. For example, Plaintiffs claim *Wheeler* "specifically recognized that 'interference with a plaintiff's enjoyment of the use of a particular property is sufficient in and of itself to demonstrate special damages.'" Opp. at 19 (selectively quoting *Wheeler*, 303 A.D.2d at 793-94). That's not what *Wheeler* holds. The

quote reads: "*Despite* [the trial court's] conclusion that interference with a plaintiff's enjoyment of the use of a particular property is sufficient in and of itself to demonstrate special damages, … *the record holds no allegation or proof of any unique economic or other tangible injury to plaintiffs' properties*." *Wheeler*, 303 A.D.2d at 793-94 (emphasis added). Thus, the *Wheeler* court concluded, the trial court had "erred" "[d]ue to the absence of proof of special injury." *Id.* at 794.

Plaintiffs also argue that "courts ha[ve] permitted public nuisance claims where plaintiffs established that 'excessive noise emanating from a neighboring racetrack had caused both interference with the use of their properties and substantial decreases in property values.'" Opp. at 19-20. That's a sleight of hand. The *one* out-of-State case Plaintiffs have identified permitting such claims—*Hoover v. Durkee*, 212 A.D.2d 839 (N.Y. App. Div. 1995)—did not even analyze the special injury requirement. *Id.* at 840. And the cases cited therein were *brought by the government* to enforce public rights—meaning no special injury was needed. *Id.* (citing *People v. Rubenfeld*, 254 N.Y. 245 (N.Y. App. Div. 1930); *State v. Waterloo Stock Car Raceway*, 96 Misc.2d 350 (N.Y. App. Div. 1978); *Town of Pleasant v. Van Tassell*, 7 Misc.2d 643 (N.Y. App. Div. 1957)). Plaintiffs cannot satisfy the special-injury requirement by pointing to cases that didn't even involve a special injury.

The bottom line: Mississippi courts use the special injury requirement to sort out when private parties can pursue public nuisance claims and when "invasions of rights common to all of the public" should "be remedied by action by public officials." Restatement (Second) of Torts § 821C (1979), cmt. B. Plaintiffs cannot skip past—nor dramatically curb—that well-established requirement. The public nuisance claim should be dismissed.

## III. The Complaint Fails to State a Claim for Negligent Infliction of Emotional Distress.

"Plaintiffs do not oppose defendants' request to dismiss their negligent infliction of emotional distress claim." Opp. at 21 (cleaned up). For good reason. The complaint fails to allege

any emotional distress that necessitated or required medical treatment—a prerequisite under Mississippi law. xAI Mem. at 12-14. And even if Plaintiffs could plead a cognizable injury, the complaint fails to allege that any such injury was foreseeable. *Id*. at 14-15. The Court should dismiss the negligent infliction of emotional distress claim with prejudice for the reasons stated in xAI's memorandum of law. *E.g.*, *Obad v. Dep't of State*, 2024 WL 412758, at *5 (S.D. Miss. Jan 17, 2024) (dismissing claim with prejudice where court was "given plausible reasons for dismissing" and "Plaintiffs never responded").

## CONCLUSION

The Court should dismiss Plaintiffs' claims for negligence per se (the Fourth Cause of Action), public nuisance (the Second Cause of Action), and negligent infliction of emotional distress (the Fifth Cause of Action).

Dated: September 21, 2026

Respectfully submitted,

*/s/ Daniel W. Van Horn*

Daniel W. Van Horn (MS Bar No. 102105)
BUTLER SNOW LLP
6075 Poplar Ave., Suite 500
Memphis, TN 38187
(901) 680-7331
danny.vanhorn@butlersnow.com

P. Ryan Beckett (MS Bar No. 99524)
Keri E. Herrington (MS Bar No. 106815)
BUTLER SNOW LLP
1020 Highland Colony Pkwy., Suite 1400
Ridgeland, MS 39157
(601) 985-4557
(601) 985-4694
ryan.beckett@butlersnow.com
keri.herrington@butlersnow.com

K. Winn Allen, P.C.*
Grace C. Brier*
Megan McGlynn Butler*
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 389-5000
(202) 389-5200
winn.allen@kirkland.com
grace.brier@kirkland.com
megan.butler@kirkland.com

Jeremy A. Fielding, P.C.*
Michael Kalis*
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, Texas 75205
(214) 972-1770
(214) 972-1771
jeremy.fielding@kirkland.com
michael.kalis@kirkland.com

J. Matthew Rice*
KIRKLAND & ELLIS LLP
150 3rd Avenue South
Suite 1220
Nashville, Tennessee 37201
(629) 222-0165
(629) 222-0101
matthew.rice@kirkland.com

Rachel L. Daley*
Austin J. Lesch*
KIRKLAND & ELLIS LLP
401 W. 4th Street, Suite 400
Austin, TX 78701
(512) 678-9050
(512) 678-9101
rachel.daley@kirkland.com
austin.lesch@kirkland.com

*Attorneys for X.AI Corp. and MZX Tech LLC*
**Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2026, I filed the foregoing document with the Clerk of the U.S. District Court for the Northern District of Mississippi through the Court's CM/ECF system, which shall send notification of such filing to all parties of record in this case.

*/s/ Daniel W. Van Horn*
Daniel W. Van Horn